**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **JONES LANG LASALLE AMERICAS, INC.,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 4:25-cv-282** |
| **270B HOLDINGS LLC, aka 270B METROPOLITAN SQUARE LLC** | ) ) ) | |
| **Defendant.** | ) ) ) ) | |

## COMPLAINT

COMES NOW Plaintiff Jones Lang LaSalle Americas, Inc. ("JLL"), by and through undersigned counsel, and for its Complaint against Defendant 270B Holdings LLC, aka 270B Metropolitan Square LLC ("Defendant"), states as follows:

## NATURE OF ACTION

1.      This is a civil action by JLL, seeking damages from Defendant's breach of contract in connection with a Management and Leasing Agreement ("the Agreement") executed between the parties, pursuant to which JLL provided, among other services, property management services, including services to manage, operate, and maintain Defendant's property located at One Metropolitan Square, 211 North Broadway, St. Louis, Missouri, 63102.

## THE PARTIES

2.      Plaintiff JLL is a Maryland corporation with its corporate headquarters and principal place of business located at 200 East Randolph Drive, Chicago, Illinois 60601. JLL is thus a citizen of Maryland and Illinois.

3.      Defendant 270B Holdings LLC, aka 270B Metropolitan Square LLC is a Delaware limited liability corporation with its principal place of business located at 270 Breezyway, Lawrence, New York, 11559. Ira Sax, an individual, is the sole member of Defendant and resides at 270 Breezyway, Lawrence, New York, 11559 and is domiciled in New York. Defendant is thus a citizen of New York.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because JLL and Defendant are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.      This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant conducts business in Missouri and in this judicial District. Furthermore, a substantial part of the acts and/or omissions giving rise to this action occurred within this District.

## GENERAL ALLEGATIONS

6.      In February of 2022, 270B Holdings LLC, aka 270B Metropolitan Square LLC and JLL entered into a Management and Leasing Agreement ("the Agreement"). (A true and correct copy of the Agreement is attached hereto and incorporated by reference herein as Exhibit 1.)

7.      Specifically, the Agreement provides that JLL was to perform property management services for Defendant, as enumerated in Article 4 of the Agreement. *See* Exhibit 1, ¶¶ 4.1-4.13

8.      Specifically, the Agreement generally required JLL to manage, operate, and maintain the property. *Id*.

9.      Pursuant to the Agreement, JLL employed sufficient personnel to properly, adequately, safely, and economically manage, operate, and maintain Defendant's property. *Id*. at ¶ 4.2.

2

10. Section 14 of the Agreement provides that JLL would be compensated for its services in accordance with the terms of the Agreement. Pursuant to the terms of the Agreement, JLL was to receive, among other fees: a monthly management fee equal to the greater of ten thousand dollars ($10,000) or (1.5) the percentage of Effective Gross Income as enumerated under the Manager's Compensation Section attached as Schedule A to the Agreement. (*See* Exhibit 1 at Schedule A, Section II). Such fees are due to JLL on or before the 15th day of the next prescribed monthly accounting period. *Id*.

11. Defendant was also required to reimburse JLL for all related personnel costs (including compensation, fringe benefits, insurance, and taxes). *See* Exhibit 1 at ¶ 10.1; 4.2.

12. The Agreement provides grounds for termination, including the right to terminate the Agreement upon 30-days written notice if either party defaults in the performance of its respective duties and obligations in the Agreement. *Id*. at ¶ 2.3(a).

13. Upon termination, JLL is to provide a final accounting to Defendant, reflecting the balance of income and expenses. *Id*. at ¶ 2.4(a-e).

14. After termination, Defendant is required to deliver to JLL any monies due to JLL with respect to their specific property. *Id*. at ¶ 2.4(b).

15. All fees and reimbursable expenses of JLL were due and payable by Defendant to JLL as provided for in the Agreement *without* further requirement for any notice or demand thereof. *Id*. at ¶ 16.7.

16. The Parties further agreed that all delinquent payments under the Agreement earned interest at the rate of one percent (1%) per month from the date due until paid. *Id*. at ¶ 16.7.

17. The Agreement also included a prevailing-party attorneys' fees and costs clause, requiring payment of all of the prevailing party's reasonable expenses and attorneys' fees incurred in litigation between the parties relating to the Agreement. *Id*. at ¶ 16.8.

18. Defendant failed to fully and timely pay for services provided by JLL. While JLL complied with its obligations under the Agreement, Defendant did not.

3

19.     On June 5, 2024, JLL provided Defendant a Notice of Default regarding Defendant's outstanding property management fees and related personnel costs due and owed to JLL pursuant to the Agreement. (Attached hereto and incorporated by reference herein as Exhibit 2).

20.     As a follow up to the Notice of Default delivered by JLL to Defendant on June 5, 2024, JLL provided Defendant a notice of its intention to terminate the Agreement on August 1, 2024, with an effective termination date of September 30, 2024, solely with respect to its role as a property manager, but not as a leasing agent. (Attached hereto and incorporated by reference herein as Exhibit 3).

21.     JLL terminated the Agreement with Defendant, pursuant to the termination provisions thereof, effective September 30, 2024, solely with respect to its role as a property manager, but not as a leasing agent.

22.     As of the date of this filing, Defendant has failed to pay JLL the amount of $290,317.97 for property management services rendered pursuant to the Agreement and related personnel costs.

23.     Despite Defendant being given notice of and being otherwise aware of its debts to JLL, the debts have not been paid or satisfied.

24.     All conditions precedent to initiating this action have been satisfied or waived.

## <u>COUNT I – BREACH OF CONTRACT</u>

25.     JLL incorporates by reference and realleges the allegations in Paragraphs 1 through 24 as though fully set forth herein.

26.     As set forth above, JLL and Defendant entered into a binding and enforceable contract for JLL to provide property management services for Defendant's property. *See* Exhibit 1.

27.     JLL complied with its obligations under the Agreement.

4

28.    JLL terminated the Agreement, effective September 30, 2024, solely with respect to its role as a property manager, but not as a leasing agent.

29.    As of the date of this filing, Defendant owes JLL $290,317.97 for property management services provided pursuant to the Agreement and related personnel costs.

30.    JLL notified Defendant, and Defendant was aware, that JLL is owed $290,317.97 for property management services rendered as of that date and related personnel costs.

31.    Defendant materially breached its duties and obligations under the Agreement by failing to timely and fully remit payment to JLL for services rendered.

32.    As a direct and proximate result of Defendant's material breach of the Agreement, JLL has incurred damages.

33.    JLL's damages continue to increase as interest continues to accrue.

**WHEREFORE**, Plaintiff JLL prays for judgment in its favor and against Defendant for monetary damages, pre-judgment, post-judgment interest, attorney's fees, litigation costs and expenses, and such other and further relief as the Court deems just and proper.

## <u>COUNT II – UNJUST ENRICHMENT</u>

34.    JLL incorporates by reference and realleges the allegations in Paragraphs 1 through 33 above, as though fully set forth herein.

35.    JLL pleads this count in the alternative to Count I for breach of contract.

36.    JLL has conferred a benefit on Defendant, including, but not limited to, the fact that JLL has provided property management services for Defendant at its request and for which Defendant has not fully compensated JLL.

37.    Defendant has knowledge of the benefit that was conferred by JLL, including, but not limited to, the fact that Defendant is aware that JLL has provided the property management services and has requested payment for same.

5

38.     Defendant voluntarily accepted and retained the benefit conferred by allowing JLL to perform the property management services and then not paying for same.

39.     Defendant retention of the benefit is inequitable unless it pays to JLL for the value of the benefit provided.

**WHEREFORE**, Plaintiff JLL prays for judgment in its favor and against Defendant for monetary damages, pre-judgment, post-judgment interest, litigation costs and expenses, and such other and further relief as the Court deems just and proper.


Dated: March 6, 2025

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/  William M. Corrigan, Jr.*
William M. Corrigan, Jr., 33169 (MO)
Kayla Solomon, 73023 (MO)
190 Carondelet Plaza, Suite 1350
St. Louis, Missouri  63105
Telephone:  314-690-0218
Facsimile:   314-690-0249
bcorrigan@shb.com
Ksolomon@shb.com

ATTORNEYS FOR PLAINTIFF
JONES LANG LASALLE AMERICAS, INC.

**CERTIFICATE OF SERVICE**

COMES NOW PLAINTIFF through the undersigned counsel and hereby certifies that on March 6, 2025, that a copy of the Complaint was electronically filed with the Clerk of Court and will be served by operation of the Court's CM/ECF system upon all registered parties.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ William M. Corrigan, Jr.*
William M. Corrigan, Jr., 33169 (MO)


ATTORNEY FOR PLAINTIFF
JONES LANG LASALLE AMERICAS, INC.

7